UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY DONELL PASSMORE

      Plaintiff,

v.                                          Case Number: 13-11865
                                             Honorable Julian Abele Cook, Jr.

ANGELA MARIE TURNER, et al.,

      Defendants.

## ORDER

On April 25, 2013, the Plaintiff, Anthony Donell Passmore, filed a *pro* se complaint against the Defendants, Angela Marie Turner et al.[1] The crux of his complaint stems from a series of state court proceedings relating to child support and custody issues which resulted in decisions that were viewed by him as being adverse to his position.

Currently before the Court is a motion to dismiss brought by the Judicial Defendants who seek relief pursuant to Fed. R. Civ. 12(b)(1) and 12(b)(6), citing the lack of jurisdiction and the alleged failure of the Plaintiff to state a claim upon which relief can be granted. (ECF No. 8). The Plaintiff's response to this dispositive motion was filed on May 23, 2013.

I.

The facts underlying the complaint are relatively straightforward. In July of 2005, the Wayne

---

[1] The Plaintiff has also identified the State of Michigan, as well as the following Michigan state judicial officers as Defendants in this action- Muriel Hughes (a state court judge) and Diana Biggar (a state court referee). (collectively, the "Judicial Defendants"). The Plaintiff has accused Turner–the mother of his children–and the Judicial Defendants of conspiring to deprive him of his basic rights under the United States Constitution.

County Circuit Court granted the Plaintiff and Turner a Judgment of Divorce. (Compl. ¶ 8). As a reading of the complaint makes clear, the Plaintiff's post-marital relationship with Turner has been anything but amicable. In fact, the Plaintiff proclaims that Turner has "caused nearly 400 court appearances . . . . " in connection with their child custody and support disputes. (Comp. ¶19). According to the Plaintiff, "Defendant's [sic] Biggar, Hughes, and the State of Michigan have been complicit with the Defendant Turner's abusive use of the legal process by permitting her to file an inordinate amount of motions; requiring [him] to hire multiple attorneys and waste thousands of dollars in legal fees." (Compl. ¶14).

II.

Considering whether the Court has jurisdiction to hear the Plaintiff's case is the "first and fundamental question presented by every case brought to the federal courts."*Metro Hydroelectric Co., LLC v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008). Indeed, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Supreme Court is the only federal court that has been vested with the authority to consider appeals from final state court judgments. *Abbott v. Michigan,* 474 F.3d 324, 328 (6th Cir. 2007). As such, "[t]he *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging state court judgments rendered before the district court proceedings commenced.'" *Id.* (citations omitted).

Since the promulgation of the *Rooker-Feldman* doctrine in 1923, the courts have greatly refined its application. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923). As a starting point, the doctrine only applies when a plaintiff complains of an injury from a state court judgment. *Abbott,*

474 F.3d at 328. Thus, "[i]f the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.* As the Sixth Circuit has made clear, this distinction is critical. Additionally, while the doctrine "does not prohibit federal district courts from exercising jurisdiction where the plaintiff's claim is merely a general challenge to the constitutionality of the state law . . . . ", see *id,* it does bar review of procedural challenges contending that "the law was invalidly –even unconstitutionally–applied to the plaintiff's particular case." *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed. Appx. 487, 490 (6th Cir. 2005); *VanWulfen v. Montmorency County,* 345 F.Supp.2d 730, 741 (E.D. Mich. 2004) (holding that the doctrine applied to "a challenge to the procedures used by the state court to arrive at its decision.").

A plaintiff's source of injury is of critical importance to the applicability of the *Rooker-Feldman* doctrine. The Sixth Circuit, borrowing from the Second Circuit, has set forth two hypotheticals that are particularly instructive to this end, to wit:

> Suppose a state court, based purely on state law, terminates a father's parental rights and orders the state to take custody of his son. If the father sues in federal court for the return of his son on grounds that the state judgment violates his federal substantive due-process rights as a parent, he is complaining of an injury caused by the state judgment and seeking its reversal. This he may not do . . . .
>
> Suppose a plaintiff sues his employer in state court for violating both state anti-discrimination law and Title VII and loses. If the plaintiff then brings the same suit in federal court, he will be seeking a decision from the federal court that denies the state court's *conclusion* that the employer is not liable, but he will not be alleging injury from the state judgment.

*Abbott,* 474 F.3d at 328 (emphasis added) (quoting *Hoblock v. Albany Co. Bd. of Elections,* 422 F.3d

77, 87 (2nd Cir. 2005). As the examples in *Hoblock* make clear, the *Rooker-Feldman* doctrine prohibits a plaintiff from seeking relief premised upon an injury caused by a state court judgment, and instead requires the focus to remain on the merit of the underlying legal claims.

This concept was applied in a case not unlike the one currently before the Court in *Raddatz v. Beaubien*, 880 F. Supp. 500 (E.D. Mich. 1995). In *Raddatz,* the plaintiff, after failing to timely appeal a state court child custody decision, filed an action in federal district court against various state officials, alleging civil rights violations and state law claims related to same. *Id.* at 502. After concluding that "[t]he basic substance of plaintiff's complaint [was] a claim that Judge Koselka's decision to change custody was based upon various erroneous factual determinations and judgments and that plaintiff lacked adequate notice and opportunity to be heard[,]" the court had little trouble holding that *Rooker-Feldman* precluded the court from exercising jurisdiction. *Id.* at 503.

Likewise here, the complaint makes it clear that the Plaintiff's injury, if any, stems from the state court's child custody decisions. Indeed, consider, for example, the following: "Defendant Biggars, Hughes, and the State of Michigan have conspired with and agreed with Defendant Turner in finding Plaintiff in contempt . . . ." Comp. ¶30; "Referee/Defendant Biggars refused to consider any of Plaintiff's evidence; claiming it was too old or had no merit . . . ." *Id.* at ¶33; and finally, "Plaintiff believes that he was denied due process rights when the court denied him his *right* to present affidavits and other evidence that was crucial to this case; all in violation of due process and equal protection . . . ." *Id.* at ¶39; see also *Id.* at ¶¶ 2, 3, 6, 14, 15, 30-44. In effect, the Plaintiff is asking "this court to evaluate the merits of the state court['s] decisions . . . . This is the essence of appellate review and is the exclusive province of the United States Supreme Court." *Automobile Club of Michigan v. Stacey,* 750 F.Supp. 259, 264 (E.D.Mich.1990) (court finds no jurisdiction over

section 1983 claim against state judge based upon decisions rendered in state court action).

Nor does the Plaintiff attempt to hide the true nature of his claims in his response to the Judicial Defendants' now-pending motion to dismiss. Indeed, the Plaintiff remains focused on the "numerous examples of Biggars and Hughes denying him his Constitutionally protected right to present his case and [interfering] with his Constitutionally protected rights with his children." Plf's Resp. at 5. A review of the Plaintiff's pleadings and submissions all leads to the same inescapable conclusion; namely, "that plaintiff is complaining about the unfairness of the process afforded to him in the state courts in the lawsuits leading up to plaintiff's loss of custody rights. . . " and, accordingly, "those claims are barred by the *Rooker-Feldman* doctrine." *Zindler v. Rogers,* No. 1:11-cv-770, 2011 WL 4346393, *6 (W.D. Mich. Aug 23, 2011). As such, the Court is without jurisdiction to hear the Plaintiff's claims and thus grants the Judicial Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Finding that the Court lacks jurisdiction to hear this matter, it declines to evaluate the merit of the Judicial Defendants' argument pursuant to Fed. R. Civ. P. 12(b)(6).

### III.

For the reasons thus stated, the Judicial Defendants' (Muriel Hughes, Diana Biggar, and the State of Michigan) motion to dismiss is granted. (ECF No.8).

IT IS SO ORDERED.

Date: March 12, 2014                                    s/Julian Abele Cook, Jr.
                                                        JULIAN ABELE COOK, JR.
                                                        U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 12, 2014.

s/ Kay Doaks
Case Manager