UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY DONELL PASSMORE,

      Plaintiff,                          Case No. 13-cv-11865

                                           Hon. Matthew F. Leitman

v.

ANGELA MARIE TURNER, et al.,

      Defendants.
_____/

### ORDER GRANTING DEFENDANTS' ATTORNEY GENERAL'S AND UNITED STATES ATTORNEY'S MOTION TO DISMISS (ECF #14) AND DISMISSING CLAIMS AGAINST DEFENDANT ANGELA MARIE TURNER FOR LACK OF SUBJECT-MATTER JURISDICTION

On April 25, 2013, Plaintiff Anthony Donell Passmore ("Passmore"), acting *pro se*, filed this action against (1) Angela Marie Turner ("Turner"), his ex-wife; (2) the State of Michigan; (3) two Michigan judicial officers, Muriel Hughes ("Hughes") and Diana Biggars ("Biggars"); and (4) the Office of the Attorney General of the United States and the United States Attorney (collectively, the "Federal Defendants"). The allegations in Passmore's Complaint appear to stem from a series of state-court child support and custody proceedings resulting in decisions that Passmore feels were adverse to him. (*See* Compl., ECF #1.) Passmore purports to bring claims against all Defendants for, *inter alia*, defamation, tortious interference with familial relations, interference with

visitation, alienation of affections, tortious interference with advantageous relationships, intentional and negligent infliction of emotional distress, fraud, the "tort of outrage," and malicious prosecution. (Compl. at ¶¶48-81.)

This Court previously dismissed Passmore's claims with respect to the State of Michigan, Hughes, and Biggars. (*See* ECF #13.) Accordingly, Passmore's Complaint remains pending against only Turner and the Federal Defendants. Currently before the Court is the Federal Defendants' Motion to Dismiss. (*See* the "Motion, "ECF #14.) For the reasons stated below, the Court **GRANTS** the Motion. In addition, for the reasons stated below, the Court **DISMISSES** Passmore's claims against Turner for lack of subject-matter jurisdiction.

### 1. The Federal Defendants' Motion to Dismiss

The Federal Defendants filed and served their Motion on August 28, 2014. In the Motion, the Federal Defendants argue that they should be dismissed from this action pursuant to Fed. R. Civ. Proc. 12(b)(1) because the Complaint "does not … state a basis upon which this Court has subject matter jurisdiction." (*Id.* at 1, Pg. ID 145.)

Pursuant to an Order of the Court, Passmore's response to the Motion was due by not later than October 24, 2014. (*See* ECF #16.) However, Passmore did not respond by the deadline. Accordingly, on October 29, 2014, the Court ordered Passmore to show cause in writing by November 17, 2014, why the Motion should

not be granted. (*See* the "Order to Show Cause," ECF #18.) The Court specifically cautioned Passmore that his failure to respond to the Order to Show Cause "may result in the dismissal of [his] Complaint against the Federal Defendants." (*Id.* at 2, Pg. ID 153.)

The due date for any response to the Order to Show Cause has now passed. To date, Passmore has not (1) filed a response to the Federal Defendants' Motion, (2) filed a response to the Court's Order to Show Cause, (3) filed a motion seeking to extend the period for responding to either the Motion or the Order to Show Cause, or (4) contacted the Court even informally to seek an extension of time. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

The Court has reviewed the Federal Defendants' Motion and finds it persuasive. As fully explained in the Federal Defendants' supporting brief, Passmore has failed to establish that the United States waived sovereign immunity in order to allow the Federal Defendants to be sued in this action. (*See* ECF #14 at 1-2, Pg. ID 145-45.) This Court therefore lacks subject-matter jurisdiction over Passmore's claims against the Federal Defendants. *See Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013) ("Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal

agencies or officials in their official capacities"). Accordingly, the Court will grant the Federal Defendants' Motion.

## 2. Defendant Turner

In the Order to Show Cause, the Court noted that Passmore's Complaint "does not appear to state a basis for this Court's jurisdiction over [Passmore's] claims against Turner." (Order to Show Cause at 2, Pg. ID 153.) Accordingly the Court ordered Passmore to show cause in writing by November 17, 2014, why his claims against Turner should not be dismissed for lack of subject-matter jurisdiction. (*See id.*) The Court specifically cautioned Passmore that his failure to respond could result in the dismissal of his claims against Turner. (*See id.*) As noted above, to date, Passmore has neither responded to the Order to Show Cause nor sought an extension of time.

If a court determines at any time that it lacks subject-matter jurisdiction over an action, "the court must dismiss the action." Fed. R. Civ. Proc. 12(h)(3). In this case, Passmore's Complaint does not establish this Court's jurisdiction over his claims against Turner. Indeed, the Court does not appear to have jurisdiction based on diversity of the parties, as Passmore alleges that both he and Turner are residents of Michigan. (*See* Compl. at 2, Pg. ID 2.) Furthermore, the Complaint does not appear to state a claim against Turner that arises under federal law, nor does it indicate any other basis for this Court's jurisdiction. Under these

4

circumstances, the Court is unable to conclude that it has subject-matter jurisdiction over Passmore's claims against Turner, and it therefore dismisses these claims.

Even if the Court did have subject-matter jurisdiction in this action, Passmore's claims against Turner would be subject to dismissal for failure to prosecute and/or failure to comply with the Order to Show Cause. A federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with a court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962). In this case, Turner filed an answer to Passmore's Complaint on June 11, 2013. (*See* ECF #10.) In the nearly year-and-a-half since Turner filed her answer, Passmore has not in any way pursued his claims against Turner. Moreover, when specifically notified by the Court to show cause why his claims against Turner should not be dismissed, Passmore failed to respond. Passmore's failure to pursue his claims against Turner and his noncompliance with the Order to Show Cause further justify the dismissal of his claims against Turner. *See, e.g.*, *White v. Bouchard*, No. 05-cv-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)) (a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case").

2:13-cv-11865-MFL-RSW   Doc # 19   Filed 12/01/14   Pg 6 of 6   Pg ID 160

## CONCLUSION

For all of the reasons stated in this Order, **IT IS HEREBY ORDERED** that the Federal Defendants' Motion (ECF #14) is **GRANTED.  IT IS FURTHER ORDERED** that all of Passmore's claims against Turner are **DISMISSED WITHOUT PREJUDICE**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 1, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 1, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113
